UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

KELVIN FRAZIER,

    Plaintiff,

v.      Case No. 3:20-cv-198-J-39JBT

C. TRAINER, et al.,

    Defendants.
_____

**ORDER**

Before the Court is Plaintiff's motion for reconsideration (Doc. 8; Motion) and objection (Doc. 9; Objection). In his motion, which he supports with a memorandum of law (Doc. 8-1; Memo), and in his objection, Plaintiff asks the Court to reconsider its order (Doc. 6) dismissing his case under the "three-strikes" provision of the Prison Litigation Reform Act (PLRA), 28 U.S.C. § 1915(g). See Motion at 1; Objection at 4. Plaintiff does not dispute that he is a three-strikes litigant or that the allegations in his complaint fail to show he is in imminent danger of serious physical injury. Rather, citing Miller v. Donald, 541 F.3d 1091 (11th Cir. 2008), Plaintiff contends the Court has effectively denied him access to the courts by banning him from filing a civil rights complaint when he has no ability to pay the filing fee. See Memo at 3; Objection at 2, 3.

Plaintiff's reliance on Miller is misplaced. In Miller, the district court enjoined the prisoner-plaintiff from future filings unless he first paid his accrued court fees. 541 F.3d at 1095. The injunction included a list of three narrow exceptions, but "[n]oticeably absent from th[e] list . . . [was] a complaint alleging that the prisoner [was] under imminent danger of serious physical injury." Id. Because the limited exceptions failed to protect the prisoner's right of access to the courts, the court held the injunction was overbroad. Id. at 1098. The court noted, however, that a prisoner is not denied access to the courts when his complaint is correctly dismissed under § 1915(g) because he is a three-strikes litigant who fails to show imminent danger. Id. at 1099 ("Of course, if [the prisoner] did not allege imminent danger of serious physical injury, it follows that § 1915(g) would bar him from filing future cases [in forma pauperis].").

Unlike the district court in Miller, this Court did not enjoin Plaintiff from filing future cases but correctly dismissed his complaint without prejudice under the three-strikes provision of the PLRA. To the extent Plaintiff suggests the three-strikes provision is unconstitutional, this argument has been foreclosed: The Eleventh Circuit has held "§ 1915(g) is constitutional because it is rationally related to Congress's legitimate goal of curtailing abusive litigation and conserving judicial resources." See Daker v. Jackson, 942 F.3d 1252, 1257–58 (11th Cir. 2019)

(citing Rivera v. Allin, 144 F.3d 719, 723-24 (11th Cir. 1998), abrogated on other grounds by Jones v. Bock, 549 U.S. 199 (2007) ("[P]roceeding [in forma pauperis] in a civil case is a privilege, not a right—fundamental or otherwise.")). If Plaintiff wants to pursue his claims, he may do so by initiating a new case and paying the filing fee.

Accordingly, Plaintiff's motion (Doc. 8) is **DENIED**, and his objection (Doc. 9) is **OVERRULED**.

**DONE AND ORDERED** at Jacksonville, Florida, this 23rd day of March, 2020.

_____
BRIAN J. DAVIS
United States District Judge

Jax-6

c:
Kelvin Frazier, #099699

3